```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                    CHARLOTTE DIVISION
                    3:06CV333-MU-02
```

SAMMY MORGAN,              )
    Plaintiff,          )
                        )
    v.                  )
                        )
FAITH TILLMAN, Correc-     )
  tions Officer at Lanes-)
  boro Correctional In-  )
  stitution; and         )
MICHELE SHAW, Correc-      )
  tions Officer at Lanes-)
  boro Correctional In-  )
  stitution,             )
    Defendants.         )
_____)

**THIS MATTER** comes before the Court on initial review of plaintiff's form civil rights Complaint under 42 U.S.C. §1983, filed August 7, 2006.

By his Complaint, the plaintiff alleges that on an occasion in June 2005, the defendants came to his cell in the Segregation Unit of his Prison in order to escort him to the medical unit for a sick appointment concerning one of his knees. Upon their arrival at his cell, the defendants placed the plaintiff in arm and leg restraints and then removed him from his cell. As the three proceeded down the hall, the defendants reportedly walked behind the plaintiff. When the three approached the stairway, the plaintiff started down the steps. However, the plaintiff

claims that "due to the negligence" of the defendants in failing to walk on either side of him, he fell and injured himself. Thereafter, the plaintiff reportedly was taken to a local hospital for treatment.

By way of relief, the plaintiff asks this Court to "have [him] discharged from Prison." In addition, the plaintiff asks the Court to award damages in the amount of $5,769.00, that is, the cost of his emergency hospital treatment. Upon careful review of the plaintiff's allegations--and notwithstanding his belief to the contrary--it is apparent to the Court that he has failed to state a federal claim for relief.

Indeed, the plaintiff has failed to allege or even to suggest that the defendants' failure to properly escort him was intended to punish him, or to otherwise violate his rights. Rather, as even the plaintiff here concedes, such conduct was, at worst, the result of the defendant's "negligence." However, it is well settled that "negligently inflicted harm, the basis of traditional tort liability," is not sufficiently conscious-shocking to implicate a plaintiff's constitutional rights. County of Sacramento v. Lewis, 523 U.S. 833, 846 n.8 (1998). That is, it is firmly understood that mere negligence does not rise to the level of violating an individual's constitutional rights. Miltier v. Beore, 896 F.3d 848 (1990). Therefore, the plaintiff cannot proceed on this claim.

Furthermore, it goes without saying that this Court does <u>not</u> have the authority to direct that the plaintiff be released for Prison, particularly on the basis of civil rights allegations such as these.  Rather, any allegations which seek to challenge an inmate's continued confinement would sound in <u>habeas</u>, and would necessarily have to be brought in an action under 28 U.S.C. §2254.  Accordingly, based upon the foregoing, the Court shall **DISMISS** this matter for the plaintiff's failure to state a claim for relief.  <u>See</u> 28 U.S.C. §1915A(1)(b).

**SO ORDERED.**

Signed: August 10, 2006

Graham C. Mullen
United States District Judge

3